# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>NEVADA DIVISION OF WELFARE AND SUPPORTIVE SERVICES,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-01578-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

## I.　*In Forma Pauperis* Application

Plaintiff filed an amended affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

## II.　Screening the Complaint

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

1

(9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff brings this action seeking millions of dollars in money damages pursuant to 42 U.S.C. § 1983. *See* Docket No. 1-1 at 3, 5. The complaint alleges in conclusory terms that the Nevada Division of Welfare and Supportive Services discriminated against Plaintiff in myriad ways. *See id.* at 4. Plaintiff's complaint fails as a matter of law for at least two reasons.[1] First, states are not considered "persons" for purposes of claims brought pursuant to 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Second, states are immune from federal damages claims pursuant to the Eleventh Amendment of the United States Constitution. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). The Division, as a state agency, is not amenable to suit and any effort to amend would be futile. *See Rowell v. Sisolak*, 2020 WL 2744080, at *2 (D. Nev. May 5, 2020) (in screening § 1983 claim involving Nevada's Department of Health and Human Services, Division of Welfare and Supportive Services, explaining that it is a state agency protected by Eleventh Amendment immunity and that the claim was subject to dismissal without leave to amend), *adopted*, 2020 WL 2735381 (D. Nev. May 26, 2020); *see also* N.R.S. 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States").

---

[1] In light of the findings herein, the Court need not opine on other deficiencies in the complaint.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without leave to amend.

Dated: September 5, 2024

                                            Nancy J. Koppe
                                            United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).